UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL McBRIDE,

    Plaintiff,

v.                                                   Case No. 8:06-cv-1490-T-24-EAJ

JIM COATS, SHERIFF, Pinellas County,
in his official capacity, and JASON
MOYER, Detention Deputy, Pinellas County
Sheriff's Office, in his individual capacity,

    Defendants.
_____/

## ORDER

        This cause comes before the Court on Defendant Jim Coats' Motion to Strike Plaintiff's Motion for Summary Judgment (Doc. No. 36). Plaintiff Michael McBride ("McBride") opposes this motion (Doc. No. 37).

        On January 25, 2007, this Court entered a Case Management and Scheduling Order (Doc. No. 18), in which the dispositive motions deadline was set for September 4, 2007. On September 4, 2007, Defendant Jim Coats ("Coats") filed a motion for summary judgment (Doc. No. 29). On September 24, 2007, McBride filed his response to Coats' motion for summary judgment (Doc. No. 31). McBride's response also included a cross-motion for summary judgment, which was re-filed as a separate motion on September 25, 2007 (Doc. No. 32). On October 8, 2007, Coats filed the instant motion to strike McBride's cross-motion for summary judgment, and McBride filed his response on October 10, 2007.

        Coats argues that the Court should strike McBride's cross-motion for summary judgment as untimely, since it was filed after the dispositive motions deadline set forth in the Court's Case

Management and Scheduling Order.  McBride counters that pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, his cross-motion for summary judgment was timely.  Rule 56(a) of the Federal Rules of Civil Procedure provides that

> A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any party thereof.

McBride argues that Rule 56(a) provides a right to file a cross-motion for summary judgment within twenty days of the service of an opposing party's motion for summary judgment, and that his motion is therefore timely.  The Court disagrees.

Rule 16(b)(2) of the Federal Rules of Civil Procedure provides that a district court shall "enter a scheduling order that limits the time . . . to file motions."  While Rule 56(a) establishes the earliest point at which a claimant may file a motion for summary judgment, a court's scheduling order, entered pursuant to Rule 16(b), establishes the latest point at which such claimant may file a motion for summary judgment.  As such, the Court finds that McBride's cross-motion for summary judgment is untimely.

Accordingly, it is ORDERED AND ADJUDGED that Defendant Jim Coats' Motion to Strike Plaintiff Michael McBride's Motion for Summary Judgment (Doc. No. 36) is **GRANTED**.  Plaintiff's Motion for Summary Judgment (Doc. No. 32) is hereby stricken.

**DONE AND ORDERED** at Tampa, Florida, this 15th day of October, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record