UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL MCBRIDE,**

    **Plaintiff,**

v.                                         **CASE NO. 8:06-CV-1490-T-24EAJ**

**JIM COATS, SHERIFF, Pinellas County, in
his official capacity, and JASON MOYER,
Detention Deputy, Pinellas County Sheriff's
Office, in his individual capacity,**

    **Defendants.**
_____/

**ORDER**

Before the court is **Defendant's Motion to Compel Compliance with Rule 26(a)(1)(C)** (Dkt. 33), filed on September 28, 2007, and Plaintiff's **Response** (Dkt. 35), filed on October 1, 2007.

Defendant Jim Coats moves the court to compel Plaintiff to comply with Federal Rule of Civil Procedure 26's damages disclosure requirements. Rule 26(a)(1)(C) requires that a party provide the other parties with "a computation of any category of damages claimed by the disclosing party . . . ." According to Defendant, Plaintiff's disclosures fail to comply with Rule 26(a)(1)(C) because they contain only categories of the damages that Plaintiff claims as opposed to a computation of such damages as required by the rule. Plaintiff responds that his initial disclosures provided three categories of damages: pain and suffering, humiliation and inconvenience, and emotional distress, and that Defendant is in possession of all of the evidentiary materials upon which Plaintiff's damage claim is based. However, Plaintiff argues that all of his claimed damages are "non-economic" and may not be computed like economic damages (Dkt. 35 at 2). Further, Plaintiff states that he has informed Defendant of the amount of damages Plaintiff seeks through a mediation

and an offer of judgment. The court notes that Plaintiff provides no citation of legal authority in support of his position that his damages are incomputable.

Defendant's motion must be denied because he fails to attach Plaintiff's initial disclosures to the motion. Without the initial disclosures the court cannot evaluate whether the disclosures, including any categories of damages listed, proposed formulas for calculating damages, or actual computations of damages, fully comply with Rule 26(a)(1)(C). See, e.g., Sanchez v. Hendrick's Hallowell Chevrolet, No. 1:05-CV-746 OWW SMS, 2006 WL 2884778, *1 (E.D. Cal. Oct. 10, 2006) (noting that Rule 26(a)(1)(C)'s computation provision contemplates that the plaintiff perform some analysis and provide more than a "lump sum statement" of alleged damages); see also Local Rule 3.04(a), M.D. Fla.

However, the parties are advised that this court has generally required disclosure of Rule 26 information for non-economic compensatory and punitive damages. See, e.g., Ulvano v. Denny's Corp., No. 8:04-CV-153-T-EAJ (M.D. Fla. Nov. 17, 2004) (citing EEOC v. Rio Bravo Int'l, Inc., No. 8:99-CV-1371-T-17MAP (M.D. Fla. Feb. 21, 2001); EEOC v. Kronberg Bagel Co., No. 2:00-CV-409-FTM-29DNF (M.D. Fla. Oct. 31, 2001)). Other courts in this district have also recently addressed Rule 26(a)(1)(C)'s damages disclosure requirements. In LeBlanc v. Unifund CCR Partners, G.P., No. 8:06-CV-1216-T-TBM, 2007 WL 2446900, *1 (M.D. Fla. Aug. 23, 2007), the court found that the plaintiff should be able to estimate damages in good faith and articulate the methods of calculations of his actual damages sought, which included "pain, suffering, worry, fear, and embarrassment." Here, Plaintiff appears to have listed some categories of damages that are

similar to those of the LeBlanc plaintiff.[1]

Another court held, however, that compensatory damages for emotional distress may not be susceptible to computation. In Gray v. Fla. Dept. of Juvenile Justice, No. 3:06-CV-990-J-20MCR, 2007 WL 295514, *2 (M.D. Fla. Jan. 30, 2007), the plaintiff failed to provide a computation for emotional distress damages in her initial disclosures. Distinguishing another Middle District of Florida case in which this court required the plaintiff to provide a computation of damages for emotional distress,[2] the court left the determination of a reasonable amount of damages for emotional distress to the jury. Id. However, the court made clear that its ruling was based on Plaintiff's intention to leave the damages determination to the jury and precluded Plaintiff from suggesting any amount of emotional distress damages to the jury. Id.

In light of Rule 26(a)(1)(C)'s disclosure requirements and relevant case law, the parties' best interests are served by conferring in a good faith attempt to resolve this issue. The parties are on notice that if further court intervention is necessary, the court will require a full briefing with citations of legal authority in support of each party's position and will not hesitate to impose fees and costs sanctions if appropriate. See Fed. R. Civ. P. 37; Local Rules 3.01(a) and 3.01(b), M.D. Fla.

Upon consideration, it is **ORDERED** and **ADJUDGED** that:

---

[1] The LeBlanc court also noted that Rule 26(e) places on the parties a duty to supplement initial disclosures as appropriate during the course of the litigation. Plaintiff's revelation to Defendant of the amount of damages he seeks, through mediation or otherwise, does not alleviate Plaintiff's duty to supplement his initial disclosures pursuant to Rule 26(e).

[2] Mathews v. Crosby, No. 3:99-CV-1117-TJC-HTS (M.D. Fla. July 22, 2002). In Gray, the court distinguished Mathews on the basis that the Mathews plaintiff intended to suggest an amount for emotional distress damages to the jury; accordingly, the Mathews court required the plaintiff to provide the defendants with a computation of compensatory damages for emotional distress. Gray, 2007 WL 295514 at **1, 2.

(1) Defendant's Motion to Compel Compliance with Rule 26(a)(1)(C) is **DENIED WITHOUT PREJUDICE** to reassert, if appropriate, following the parties good faith attempt to resolve the issue presented in the motion.

**DONE** and **ORDERED** in Tampa, Florida on this 24th day of October, 2007.

_____
ELIZABETH A JENKINS
United States Magistrate Judge