UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL MCBRIDE,

      Plaintiffs,

v.                                                  Case No.  8:06-cv-1490-T-24-EAJ

JIM COATS, Sheriff, Pinellas County,
in his official capacity, and JASON MOYER,
Detention Deputy, Pinellas County Sheriff's Office,
in his individual capacity,

      Defendants.
_____/

## **O R D E R**

This cause comes before the Court on Defendant Jim Coats' Motion for Summary Judgment.  (Doc. No. 29.)  Plaintiff Michael McBride has filed a response in opposition.  (Doc. No. 31.)

**I.**    **Background**

On August 12, 2002, Plaintiff Michael McBride ("McBride") was arrested for driving under the influence.  (McBride Depo.: 26, 29.)[1]  McBride states that he was subsequently found not guilty of this offense.  (Doc. No. 31, p. 3.)  After his arrest, McBride was transported to the Pinellas County Jail's central booking station.  (McBride Depo.: 47, 51.)  In the central booking station, McBride's hands were handcuffed behind his back.  (McBride Depo.: 53.)  While McBride was standing at the booking counter, Defendant Jason Moyer ("Moyer") stood behind him.  (McBride Depo.: 56.)  Moyer applied pressure point pain tactics to McBride's arms, and in reaction to this tactic, McBride flexed his arm muscles in an effort to "push [Moyer's] thumbs

---

[1] Michael McBride's deposition was filed by Jim Coats as Exhibit A to his motion for summary judgment, and can be found in the record at document number 29-2.

out . . . [and] [t]o stop the fingers from going into his bone." (McBride Depo.: 57-58.) Moyer then grabbed McBride and threw him onto the floor. (McBride Depo.: 57, 59.) Because he was still handcuffed, McBride struck the floor with his head first, and was knocked "senseless." (McBride Depo.: 61.) As a result of the fall, McBride suffered a wound to his forehead that required nine sutures, and a severely bruised right shoulder. (McBride Depo.: 63, 66.)

Following this incident, a complaint was filed with the Pinellas County Sheriff's Office against Moyer. (Doc. No. 31-2). The Sherriff's Office Administrative Review Board conducted an investigation into the incident, and determined that Moyer had violated the Sherriff's Office's rule and regulation that requires deputies to keep arrestees/prisoners secured, to treat them humanely, and not to subject them to physical abuse. (Moyer Depo.: 80; Doc. No. 31-2.) Specifically, the Administrative Review Board found that Moyer's response to McBride's resistance was inappropriate based on the totality of the circumstances. (Doc. No. 31-2.) As a result of the Administrative Review Board's determinations, the Sheriff's Office suspended Moyer for five days. (Moyer: 27-28; Doc. No. 31-2.)

On August 11, 2006, McBride filed a complaint against Defendants Jim Coats ("Coats") and Moyer in the United States District Court for the Middle District of Florida. (Doc. No. 1.) On August 23, 2007, McBride filed a Second Amended Complaint against Defendants Coats and Moyer. (Doc. No. 28.) In Count I, McBride sues Moyer in his individual capacity, and claims that Moyer effected an unreasonable seizure of him, in that the force used was unreasonable and excessive, in violation of the Fourth and Fourteenth Amendments, and actionable pursuant to 42 U.S.C. § 1983. (Id., ¶ 20.) In Count II, McBride sues Coats in his official capacity, and claims that Moyer battered him and that Coats, as the Sheriff for Pinellas County, is liable for such battery pursuant to Section 768.28 of the Florida Statutes. (Id., ¶ 23.)

McBride seeks compensatory damages and costs.  (Id., p. 5.)

Defendant Coats now moves for summary judgment on the ground that the Pinellas County Sheriff's Office is entitled to statutory immunity under Section 768.28(9)(a) of the Florida Statutes.

## II.   Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor.  See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006)(citation omitted).  The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.  See id. (citation omitted).  When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial.  See id. (citation omitted).

## III.   Analysis

Coats contends that he, as Sheriff of Pinellas County, has sovereign immunity against McBride's battery claim under Section 768.28(9)(a) of the Florida Statutes.  This section states, in relevant part, that

> The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or *in a manner exhibiting wanton and willful disregard of human rights, safety, or property*.

3

FLA. STAT. § 768.28(9)(a) (2006), emphasis added.  Coats argues that the record evidence before the Court shows that Moyer's actions were committed in a manner exhibiting a wanton and willful disregard of McBride's rights, safety, or property, and therefore, that Coats is entitled to judgment as a matter of law on Count II of McBride's complaint.  McBride responds that Moyer's conduct was not sufficiently aggravated to satisfy the willful and wanton standard, and therefore, that Coats' motion for summary judgment should be denied.  For the reasons stated herein, the Court finds that there is a genuine issue of material fact as to whether Moyer's actions were wanton and willful.

Two factors are particularly telling on the issue of the wanton and willful character of Moyer's conduct.  First, it does not appear that Moyer's actions were totally unprovoked, as Coats contends.  On the videotape, filed as Exhibit C to Coats' motion for summary judgment, McBride appears to be uncooperative and resistant.  In addition, the inter-office memorandum describing the discipline imposed on Moyer states that Moyer's "response to an inmate's *resistance* was found to be inappropriate based on the totality of the circumstances."  (Doc. No. 31-2, emphasis added.)  Coats' characterization of Moyer's actions as "unprovoked" is questionable.  Second, Moyer was given a punishment at the lowest end of the recommended discipline range.  The recommended discipline range for Moyer's actions was between a five day suspension and termination.  (Doc. No. 31-2.)  Moyer received only a five day suspension.  (Id.)

The Court finds that a reasonable jury could find that Moyer did not act with a wanton and willful disregard of McBride's rights, safety, or property.  Accordingly, it is ORDERED AND ADJUDGED that Defendant Jim Coats' Motion for Summary Judgment (Doc. No. 29) is **DENIED**.

5

**DONE AND ORDERED** at Tampa, Florida, this 21st day of November, 2007.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record