UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL MCBRIDE,

       Plaintiff,

v.                                   Case No.  8:06-cv-1490-T-24EAJ

JIM COATS, Sheriff, Pinellas County,
in his official capacity; and
JASON MOYER, Detention Deputy,
Pinellas County Sheriff's Office,
in his individual capacity,

       Defendants.
_____/

## O R D E R

This cause comes before the Court on Defendant Jason Moyer's Dispositive Motion for Judgment on the Pleadings.  (Doc. No. 51.)

The essential background facts of this case are taken from this Court's November 21, 2007 Order denying summary judgment for Defendant Jim Coats ("Coats").  (Doc. No. 47.)  On August 12, 2002, Plaintiff Michael McBride ("McBride") was arrested for driving under the influence.  After his arrest, McBride was transported to the Pinellas County Jail's central booking station.  In the central booking station, McBride's hands were handcuffed behind his back.  While McBride was standing at the booking counter, Defendant Jason Moyer ("Moyer") stood behind him.  Moyer applied pressure point pain tactics to McBride's arms, and in reaction to this tactic, McBride flexed his arm muscles.  Moyer then grabbed McBride and threw him onto the floor.  As a result of the fall, McBride suffered a wound to his forehead that required nine sutures, and a severely bruised right shoulder.

On August 11, 2006, McBride filed a complaint against Coats and Moyer in the United

States District Court for the Middle District of Florida. (Doc. No. 1.) On August 23, 2007, McBride filed a Second Amended Complaint against Defendants Coats and Moyer. (Doc. No. 28.) In Count I, McBride sues Moyer in his individual capacity, and claims that Moyer effected an unreasonable seizure of him, in that the force used was unreasonable and excessive, in violation of the Fourth and Fourteenth Amendments, and actionable pursuant to 42 U.S.C. § 1983. In Count II, McBride sues Coats in his official capacity, and claims that Moyer battered him and that Coats, as the Sheriff for Pinellas County, is liable for such battery pursuant to Section 768.28 of the Florida Statutes. McBride seeks compensatory damages and costs.

On January 25, 2007, this Court entered a Case Management and Scheduling Order in the instant case, setting the dispositive motions deadline for September 4, 2007. (Doc. No. 18.) On September 28, 2007, Moyer filed a motion to extend the dispositive motions deadline, which this Court denied on November 5, 2007, finding that the motion was untimely and that Moyer had failed to show good cause for the extension. (Doc. No. 45.) On December 10, 2007, Moyer filed the instant motion for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Rule 12(c) states that "[a]fter the pleadings are closed *but within such time as not to delay the trial*, any party may move for judgment on the pleadings." FED. R. CIV. P. 12(c) (emphasis added). Moyer states that because McBride filed his Second Amended Complaint immediately before the dispositive motion deadline, he was denied the opportunity to present this motion before the dispositive motion deadline "as the basis for the motion did not accrue until after that time frame." The Court notes, however, that Moyer did not make this argument for a motion for judgment on the pleadings in his motion to extend the dispositive motions deadline, even though the basis for a motion for judgment on the pleadings had accrued at that point in time.

Additionally, the instant motion was filed over three months past the dispositive motions deadline.  Furthermore, the pretrial conference in this case is scheduled for December 18, 2007, and the trial has been set on the Court's January 2008 trial calendar.  The Court finds that Moyer's motion for judgment on the pleadings is untimely.

Accordingly, it is ORDERED AND ADJUDGED that Defendant Jason Moyer's Motion for Judgment on the Pleadings (Doc. No. 51) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 17th day of December, 2007.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record